406 So.2d 877 (1981)
David C. HOLLAND
v.
Carolyn M. HOLLAND a/k/a Carolyn M. Dickerson.
80-453.
Supreme Court of Alabama.
November 6, 1981.
*878 Sandra Vinik of Markstein, Morris, Sweeney & Liles, Birmingham, for appellant.
Roy J. Brown, Birmingham, for appellee.
EMBRY, Justice.
In this action plaintiff seeks to collect one-half of the proceeds from defendant's sale of certain residential property, pursuant to an agreement allegedly entered into by the parties.
The parties were divorced in 1974. The final decree of divorce incorporated an agreement between the parties which required plaintiff (wife) to execute a deed transferring the parties' residential property to defendant (husband) within ten days of the agreement and to vacate the premises within 30 days thereafter. Plaintiff failed to transfer to defendant, or vacate, the property.
Approximately two years after the divorce, the husband's attorney wrote a letter to his former wife by which the husband offered to divide the proceeds from a subsequent sale of the property equally with her if she would execute a deed to the property, in compliance with the final decree of divorce, by 9 August 1976. She failed to execute the deed within the stipulated time. However, on 12 August 1976, she did execute a warranty deed conveying her interest in the realty to defendant. Defendant accepted the deed and sold the property on 6 December 1979.
Thereafter, the former wife filed this action seeking among other things to collect one-half of the proceeds from the sale. David Holland, the former husband, counterclaimed seeking, among other relief, the amount of several child support payments previously made by him. He alleged that Carolyn Dickerson, nee Holland, the former wife, received these payments unlawfully by her failure to apprise him of their son's employment, an event which under the terms of the final decree of divorce ended defendant's duty to make child support payments.
In its final judgment, the trial court held that although the deed was executed three days later than the date specified in David Holland's written order, he accepted the tardy performance of the act he had requested be done and was, therefore, estopped from asserting the untimeliness of Carolyn's performance. Accordingly, the trial court concluded, she was entitled to one-half of the net proceeds from the sale of the property; the amount of $15,662.21, plus interest. That amount was offset by judgment in favor of David for the sum of *879 $675 on his counterclaim to recover child support payments, leaving Carolyn with a judgment against him for $16,163.69 and costs. All other relief sought by the parties was denied.
We find the first issue raised by David Holland to be dispositive of this appeal. He contends, correctly we conclude, that a final judgment or decree may not be modified or amended by a subsequent agreement between the parties.
A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own. Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623 (Ala.1976). Accordingly, parties to a divorce decree may not change or modify the decree merely by an agreement between themselves. Mullis v. Caldwell, 50 Ala.App. 508, 280 So.2d 558 (1973).
The judgment of the trial court awarding Carolyn Holland Dickerson $16,163.69 is due to be, and is hereby, reversed. She makes no issue on this appeal of the trial court's finding that child support payments totalling $675 were wrongfully received by her. Accordingly, that finding of the trial court is affirmed and judgment is hereby rendered in favor of David Holland for $675.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
FAULKNER and BEATTY, JJ., concur.
TORBERT, C. J., and ALMON, J., concur specially.
TORBERT, Chief Justice (concurring specially).
Legal consideration is an essential ingredient of any contract. Assets Realization Co. v. Ganus, 25 Ala.App. 113, 141 So. 721 (1932). The agreement between the parties here had no substantial consideration. The plaintiff was under a duty, by virtue of a court order, to deed the house to the defendant. To induce this performance, the defendant proposed that if performance was made by August 9, 1976, then he would share the proceeds of the sale of the house with her. It is a well established principle that doing what one is already under a legal obligation to do is not sufficient consideration. Moore v. Williamson, 213 Ala. 274, 104 So. 645 (1925). While no consideration is needed for the modification of an executory contract, Winegardner v. Burns, 361 So.2d 1054 (Ala.1978), this agreement was not a modification of a contract, but in fact a new agreement, subsequent to an order from the court, and thus required substantial legal consideration. The defendant here received no consideration. For this reason, I concur in reversing the trial court's decision awarding Carolyn Holland Dickerson half of the proceeds from the sale of the property.
ALMON, J., concurs.