BRADLEY, Judge.
This is an appeal from an order of the Mobile County Circuit Court impressing an *1048 equitable lien upon the property of appellant.
The parties to the proceeding were divorced on November 4, 1971. The divorce decree awarded the parties’ jointly-owned home to the husband, and provided that he would assume the outstanding mortgage on the property. The wife was ordered to convey her interest in the property to the husband within thirty days from the date of the decree; in the event she failed to do so, the register of the court was empowered to execute the conveyance on her behalf.
The terms of the 1971 decree were not enforced by the husband. Mrs. Smith failed to convey her interest in the property to Mr. Smith, and has remained in possession of the house until the present time. Mr. Smith did not take any steps to have the title to the property entered solely in his name. The reason for the parties’ failure to comply with the decree is unclear. Mr. Smith, a merchant seaman, testified that after the divorce Mrs. Smith stated to him that she was terminally ill, and that, based on her representations, he consented to let her remain in the house “for a few days.” Mrs. Smith denied that any such conversation took place, and testified that she remained in the house after the divorce “[bjecause he told me I could have it.” In any event, Mr. Smith apparently did nothing to oust his former wife from the property until 1979, the beginning of the events leading up to this lawsuit.
The evidence is in dispute concerning the payment of the monthly mortgage installments. Mr. Smith testified that he made “most” of the payments up until 1978. He admits that he made no payments in 1979 or. 1980. Mrs. Smith, on the other hand, testified that, aside from a few payments made by Mr. Smith within the first six months following the divorce, she has made all of the mortgage payments on the property up to the present time. The evidence is unclear as to whether the parties had an agreement to the effect that Mrs. Smith would make the mortgage payments on the house in return for Mr. Smith’s allowing her to stay in possession of the house.
Mr. Smith remarried in 1979. In February of that year he obtained a deed from the register of the court, as provided in the 1971 decree. In March of 1980 Mr. Smith filed a contempt proceeding against Mrs. Smith, asking the court for possession of the house, and requesting that Mrs. Smith be placed in contempt for her failure to vacate the premises as required by the divorce decree. Mrs. Smith filed an answer to the petition, alleging that she had made the mortgage payments on the house and had paid for certain improvements to the property, and was the equitable owner of the premises. She requested the court to correct the deed to show her as the true owner of the property.
During the pendency of the contempt proceeding, Mrs. Smith commenced a separate proceeding in the equity division of the circuit court to determine the equitable ownership question. The court dismissed the suit without prejudice, finding that the issue should be tried ip the pending contempt proceeding.
After an ore tenus hearing on the matter, the court, on August 13, 1981, rendered a decision, finding that there was no gift of the property from Mr. Smith to his ex-wife, and that title to the house remained in Mr. Smith pursuant to the 1971 decree. The court then ordered that a $15,000.00 lien should be impressed on the house in favor of Mrs. Smith, and that the property was to be sold in order to satisfy the lien. Mr. Smith appeals from that judgment.
Appellant asserts three grounds for relief on this appeal: (1) the court’s judgment impressing an equitable lien upon the property and ordering the house sold is in essence an improper modification of a property settlement entered into pursuant to a valid decree of divorce and is therefore unenforceable; (2) the statute of frauds prevents passage of the title to the property to appellee by gift; and (3) the imposition of an equitable lien on the property is erroneous, since there was no evidence of any improper conduct on appellant’s part.
With regard to appellant’s second contention that the statute of frauds prevents *1049 passage of title to the property by gift, we note that the court in its decree specifically found that there was no gift involved. Therefore, this issue will not be considered.
The resolution of appellant’s first issue, that the trial court’s decree is an improper modification of a property settlement, depends upon a construction of the decree itself. The decree, although clear in its effect, does not on its own sufficiently indicate the basis for the court’s decision.. We must determine that basis in order to properly review the decision.
Judgments are construed like other written documents. If there is uncertainty within the decree, this court must construe it so as to express the intent of the trial judge. Such an intent can be derived from the provisions of the judgment. Price v. Price, 360 So.2d 340 (Ala.Civ.App.1978).
As stated above, the court found that there was no gift of the property from appellant to appellee. Title to the property remained, therefore, in appellant pursuant to the 1971 decree. The trial court, however, impressed an equitable lien in favor of appellee upon the property in the amount of $15,000.00.
An equitable lien is in effect a charge against certain property for the purpose of securing a debt. 51 Am.Jur.2d Liens § 22 (1970). Its purpose is to prevent the unjust enrichment of one party at the expense of another. Id. Equitable liens may arise by express agreement or by implication of law. A lien by implication may arise where one party, in good faith but under a mistake as to the condition of title, makes improvements upon certain property or renders services which are permanently beneficial to another’s property. Lee v. Menefield, 249 Ala. 407, 31 So.2d 581 (1947); Hopkins v. Lancaster, 254 P. 190 (N.D.Ala.1918).
An equitable lien arises, then, when one party makes expenditures for the good of another’s property, and the owner of the property should, in good conscience, reimburse the other party for that expenditure. There must be, in other words, a debt owing to the other person by the property owner. 51 Am.Jur.2d Liens § 22 (1970). In the present situation, the trial court, in order to impose an equitable lien against the property in the amount of $15,000.00, must have found that appellee was due to be reimbursed for the money expended for improvements to the property as well as for the amount paid by appellee on the mortgage. In order to reach that conclusion, the court must have implicitly found that there was some understanding, tacit or otherwise, between the parties that appellee could remain in possession of the premises without incurring liability for the reasonable rental value of the property, and that appellee had made the mortgage payments during the time in question under the mistaken notion that she owned the property.
Our job is to determine if there exists sufficient evidence • to support the findings of the trial court. Where evidence has been taken ore tenus by the trial court, a presumption of correctness attends the court’s findings of fact. Those findings will not be disturbed on appeal unless clearly erroneous and against the great weight of the evidence, and will be affirmed if reasonably supported by credible evidence. Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). We find sufficient evidence to support the trial court’s decision. The evidence is unclear as to whether there was an agreement between the parties that appellee would pay the mortgage in exchange for rent-free occupancy of the home. Appellant himself states that he allowed appellee to remain in the home free of any obligation for a short while after the divorce. In fact, appellant’s insistence that he made the mortgage payments from the period following the divorce to 1978 or 1979 refutes the existence of such an agreement. This and the fact that appellant took no steps to oust appellee from the house until 1979 support the conclusion that appellee was allowed to remain in possession of the premises with no obligation to make mortgage payments or to pay a reasonable rental value.
Evidence as to the payment of the mortgage installments from the date of the di *1050 vorce to 1978 or 1979, and as to appellee’s impression that the house was hers, are disputed issues. A reasonable view of the controverted evidence would, however, support the trial court’s conclusions that appel-lee was mistaken as to the condition of title to the property, and that appellee had in fact paid mortgage installments during the time in question. In all, we find sufficient evidence to support the trial court’s decision.
Appellant lastly contends that, in the absence of evidence of improper conduct on his part, the imposition of an equitable lien upon his property was erroneous. As support for his contention he cites the case of Costanza v. Costanza, 346 So.2d 1133 (Ala.1977), in which the Alabama Supreme Court stated:
[A] court is authorized to exercise its equity power to impress a lien upon real property as security for a debt only where the person against whose interest the lien is declared and enforced is guilty of some wrongdoing in procuring the loan or service by which the debt is created.
We recognize the validity of appellant’s contention. However, viewing the evidence as a whole, we find that there is ample evidence to support a finding that appellant’s conduct was sufficient to give rise to the imposition of an equitable lien. Appel-lee and three witnesses testified that appellant had made representations to appellee that the house was hers. Such conduct on appellant’s part is clearly a misrepresentation of the true state of facts. Misrepresentations as to title would, in our opinion, be sufficiently improper conduct to support the imposition of an equitable lien as security for the repayment of expenditures made on the basis of those misrepresentations. We cannot reverse the trial court on this contention.
In its final decree the trial court ordered that the house be sold to satisfy the lien. Under the decree, title to the property was vested in the husband subject to this lien. Clearly the husband has a right to discharge the lien before the property is sold. See § 35-11-3, Code 1975. The final ■ decree should have been worded so as to impress an equitable lien upon the property in favor of the wife in the amount specified and the husband should have been given an opportunity to pay off the lien. The decree then should have required that in the event the husband failed to pay the amount covered by the lien within a specified time, the property would be sold to satisfy the lien.
The judgment below is therefore affirmed conditioned upon the trial court’s modifying its final decree so as to permit the husband to pay the amount covered by the lien to avert a sale of the property. However, the decree should also provide that in the event the amount covered by the lien is not paid within a stated period of time the property is to be sold to satisfy the lien.
AFFIRMED CONDITIONALLY.
WRIGHT, P.J., and HOLMES, J., concur.