The single issue for review in this appeal is whether the trial court improperly modified a divorce decree by impressing an equitable lien in favor of the wife upon the husband's property.
Eugene Smith, Jr., the appellant, and Dorothy Jean Smith, the appellee, were divorced on November 4, 1971, in circuit court, Mobile county. The final divorce decree awarded the couple's jointly owned home to the husband and provided that he assume the outstanding mortgage on the property. The decree also ordered the wife to vacate the property and to convey her interest to the appellant within thirty days of the date of the divorce decree.
The record indicates that Eugene Smith did not cause his former wife to vacate the premises, but allowed her to continue to live in the house from 1971. While the record is not clear which party paid the mortgage on the house from 1971 through 1978, it was evident that Dorothy Smith made mortgage payments totaling $4,186.50 from the end of 1978 through 1981. Further, the record indicates that the former wife paid for repairs to the property which totaled $2,322.30.
In 1979, Eugene Smith remarried and obtained a deed for the house pursuant to the 1971 divorce decree. He then commenced this action in 1980 to force Dorothy Smith to vacate the property. Mrs. Smith alternatively claimed equitable ownership of the property based on the mortgage payments, as well as the expenditures for repairs she made on the dwelling. *Page 1052 
At an ore tenus hearing, the trial court determined that: (1) the husband never gave his former wife the property as a gift; (2) the 1971 divorce decree vested title to the property in the husband; (3) in lieu of the mortgage payments and repair expenditures, that a $15,000 lien be impressed against the property in the former wife's favor; and (4) the former husband must sell the property to satisfy the lien. The Court of Civil Appeals, 429 So.2d 1047, conditionally affirmed the trial court's order. The court ruled that while Mr. Smith had to satisfy the $15,000 lien, he could do so without having to sell the property. We reverse.
The evidence is clear that the parties were divorced by a valid divorce decree in 1971 and that the decree included a property settlement giving title to the house to Eugene Smith. The Court of Civil Appeals and this Court have held that it is improper to modify a valid property settlement later than thirty days after the divorce decree has been issued. Amason v.Amason, 46 Ala. App. 345, 242 So.2d 392 (Ala.Civ.App. 1970);DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963). In the opinion of this Court, the imposition of the lien constituted an improper modification of the property settlement.
A recent court decision is analogous to the present case. InHolland v. Holland, 406 So.2d 877 (Ala. 1981), the trial court awarded the husband title to the homeplace. The wife, inHolland, failed to execute a deed, as required by the divorce decree, for the transfer of the homeplace. Some two years thereafter, an attorney representing the husband wrote a letter on behalf of the husband, offering to divide the proceeds received from a subsequent sale of the property if the wife would execute a deed to the property by August 9, 1976. The wife did not execute the deed until August 12, 1976. The husband accepted the deed and sold the property. The husband then refused to give the wife any proceeds from the sale.
The trial court awarded the wife a judgment for one-half of the proceeds from the sale of the house. The trial court ruled that the deed's late execution did not bar the wife's claim. This Court reversed the judgment, holding that the husband, David Holland, raised the dispositive issue on appeal; that the parties could not, by subsequent agreement, modify the final judgment or divorce decree:
 "We find the first issue raised by David Holland to be dispositive of this appeal. He contends, correctly we conclude, that a final judgment or decree may not be modified or amended by a subsequent agreement between the parties.
 "A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. All matters should be decided; damages should be assessed with specificity, leaving the parties with nothing to determine on their own. Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). Accordingly, parties to a divorce decree may not change or modify the decree merely by an agreement between themselves. Mullis v. Caldwell, 50 Ala. App. 508, 280 So.2d 558
(1973)."
Holland v. Holland, 406 So.2d 877, 879 (Ala. 1981).
The parties could not, therefore, modify the divorce decree. Title to the property always remained in Eugene Smith, as the trial court correctly held. The Court of Civil Appeals agreed with this holding correctly.
The Court of Civil Appeals, in its opinion, indicates that the evidence was conflicting regarding the agreement between the divorced parties concerning the mortgage payments and rent-free occupancy by the wife. The Court of Civil Appeals addressed this issue as follows:
 "The evidence is unclear as to whether there was an agreement between the parties that appellee would pay the mortgage in exchange for rent-free occupancy of the home. Appellant himself states *Page 1053 
that he allowed appellee to remain in the home free of any obligation for a short while after the divorce. In fact, appellant's insistence that he made the mortgage payments from the period following the divorce to 1978 or 1979 refutes the existence of such an agreement. This and the fact that appellant took no steps to oust appellee from the house until 1979 support the conclusion that appellee was allowed to remain in possession of the premises with no obligation to make mortgage payments or to pay a reasonable rental value." (Emphasis added.)
Smith v. Smith, 429 So.2d 1047, 1049 (Ala.Civ.App. 1982).
The trial court and the Court of Civil Appeals found that the husband never made a gift of the house to his wife; nevertheless, the Court of Civil Appeals held that "three witnesses testified that appellant (husband) made representations to appellee (wife) that the house was hers." The Court then held:
 "Such conduct on appellant's part is clearly a misrepresentation of the true state of facts. Misrepresentations as to title would, in our opinion, be sufficiently improper conduct to support the imposition of an equitable lien as security for the repayment of expenditures made on the basis of those misrepresentations. We cannot reverse the trial court on this contention."
We conclude that the Court of Civil Appeals erred in not reversing the trial court in this regard. It is evident from the opinion of the Court of Civil Appeals that "[t]he evidence [was] unclear as to whether there was an agreement between the parties that appellee would pay the mortgage in exchange for rent-free occupancy of the home."
The Court of Civil Appeals held:
 "Appellant lastly contends that, in the absence of evidence of improper conduct on his part, the imposition of an equitable lien upon his property was erroneous. As support for his contention he cites the case of Costanza v. Costanza, 346 So.2d 1133
(Ala. 1977), in which the Alabama Supreme Court stated:
 "`[A] court is authorized to exercise its equity power to impress a lien upon real property as security for a debt only where the person against whose interest the lien is declared and enforced is guilty of some wrongdoing in procuring the loan or service by which the debt is created.'"
We do not believe it is equitable to impress a lien upon the property of the husband for the mortgage payments and the costs of repairs if the evidence is "unclear" whether he agreed that the wife should remain in the house rent-free.
We agree with the Court of Civil Appeals that conduct on the part of the husband could give rise to the establishment of an equitable lien, Constanza v. Constanza, 346 So.2d 1133 (1977), but we cannot agree that the issue of whether the wife could live in the house rent-free was settled by the evidence presented; in fact, the Court of Civil Appeals found that the evidence on this point was "unclear" and that ". . . appellant's insistence that he made the mortgage payments from the period following the divorce to 1978 or 1979 refutes the existence of such an agreement." Consequently, we must respectfully remand the cause to that court to address this issue.
We hold, therefore, that the judgment of the trial court cannot be affirmed on the "rent-free" issue. We remand the cause to the Court of Civil Appeals, therefore, with directions that that court remand the cause to the trial court for a determination of the reasonable rental value of the house during the period the former wife occupied or possessed the house. Under the facts of this case, however, we determine that the fair value of the rent of the house should not exceed the amount of the lien determined by the trial court to be due.
We agree with the Court of Civil Appeals that the trial court erred in ordering the house sold to satisfy the lien, and we agree with the conditional affirmance as to this aspect of the case. *Page 1054 
REVERSED AND REMANDED, WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, JONES, EMBRY, BEATTY and ADAMS, JJ., concur.
SHORES, J., dissents.
ALMON, J., not sitting.