PER CURIAM.
The plaintiff, Fred Smyth, appeals from a summary judgment in favor of the defendants, James Smith and Robert Wright, and from the denial of his motion for a summary judgment. The facts underlying this appeal are not in dispute.[1] At issue is whether the trial court erred in applying the law to these facts.
This case involves an agreement entitled “Lease and Contract of Sale” executed by James Smith, as the “[sjeller” of certain real property, and Fred Smyth as the “[pjurchaser” of the property. The agreement essentially provided for Smyth to lease the property for three years at the rate of $500 a month, during which time he would have an option to purchase the property, with one-half of the rental applying to a purchase price of $151,000.
Smyth moved into a residence on the leased property, but did not exercise his option to purchase the property. Approximately three months before the lease/option agreement was to expire, Smyth asked James Smith for an extension of its term.[2] James Smith orally agreed to an extension, and Smyth continued to live on the property and to pay the monthly rental as set in the lease/option agreement.
Approximately a year and a half after the extension, Smyth, through his attorney, advised James Smith that he intended to exercise his option to purchase the property. James Smith responded by telling Smyth that he intended to sell the property to Robert Wright. James Smith refused to sell the property to Smyth, who remained on the property and stood willing and able to purchase it under the terms of the agreement.
James Smith sued Smyth for possession of the property and for “damages for the detention.” Robert Wright, to whom James Smith wanted to sell the property, was allowed to intervene in the lawsuit as a party defendant.[3] Robert Wright asserted James Smith’s claims derivatively, and reasserted James Smith’s averment that the original lease/option was no longer in force and that, therefore, Smyth had no right of possession or right to purchase. Smyth counterclaimed, *719 averring, in pertinent part, that by virtue of an oral extension the lease/option agreement was still in force and that the extension entitled him to possession of the property and to the right to purchase it. Smyth sought specific performance of the lease/option agreement. Also, Smyth answered James Smith’s claims, asserting among other matters, the defenses of estoppel and waiver.
James Smith and Robert Wright moved for a summary judgment on James Smith’s claim for possession and on Smyth’s counterclaim seeking specific performance. Smyth opposed the defendants’ motion, and also moved for a summary judgment on James Smith’s claims and on his counterclaim for specific performance. The trial court granted the defendants’ motion, and denied Smyth’s motion.
The defendants argue that any oral modification to extend the termination date of the lease/option agreement was invalid under the Statute of Frauds. Therefore, they say, the trial court properly entered a judgment in their favor.
Smyth argues that the defendants are estopped from asserting that the oral extension was invalid because it did not meet the requirements of the Statute of Frauds, or that the defendants waived the defense of the Statute of Frauds. Because we agree with Smyth that the defendants waived the defense of the Statute of Frauds, we do not reach the question whether the defendants are estopped from raising it, or whether, under the Statute of Frauds, the oral modification would be invalid.
Rule 8(c), Ala.R.Civ.P., provides that the defense of the Statute of Frauds is a defense that must be “set forth affirmatively.” We have held that it “must be specially pleaded” and that it is waived where, as here, it is not pleaded. Hughes v. Wallace, 429 So.2d 981 (Ala.1983).[4]
Also, the defendants argue that because the contract provided that it would terminate “in any event, on or before the 6th day of October, 1992,” the contract could not be modified to extend the time of termination. They say that “[t]he intent of the parties ... was that the right of the purchaser [Smyth] to purchase [the] property after October 6,1992, would be extinguished.”
We agree that the contract had a firm termination date and that when James Smith and Fred Smyth entered the contract, they intended that it would terminate on that date. This is not in contention.
Under the facts of this case, however, we must hold that James Smith and Fred Smyth, did not, by originally establishing a firm termination date, forever bar themselves from mutually agreeing to change their minds. This state has long permitted the modification of an executory contract by mutual consent. See, e.g., Watson v. McGee, 348 So.2d 461 (Ala.1977); Cooper v. McIlwain, 58 Ala. 296 (1877).
The judgment of the trial court is reversed, and a judgment is rendered for the plaintiff.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, KENNEDY, INGRAM, and COOK, JJ., concur.
MADDOX and BUTTS, JJ., dissent.

. On appeal, the defendants adopt the plaintiff's statement of the facts.

. The record indicates that Smyth sought to extend the contract until he was able to settle a personal injury claim he had against a third party.

.Although Smyth later raised some questions as to Robert Wright’s standing to intervene, he evidently did not object to the intervention at the time it was sought by Robert Wright.

. The failure to plead the Statute of Frauds distinguishes this case from Cammorata v. Woodruff, 445 So.2d 867 (Ala.1983), relied on by the defendants. In that case, the Statute of Frauds was held to apply to invalidate an oral modification of a contract, as to the time of performance. However, there was no issue in that case as to whether Statute of Frauds questions were properly before the Court.