On June 8, 1993, the parties were divorced by the Montgomery County Circuit Court. The trial court adopted and incorporated the parties' separation agreement into the divorce judgment. The agreement provided, among other things, that the husband would pay the wife $800 per month periodic alimony. On June 22, 1993, the parties signed an amendment to the separation agreement, purporting to modify the husband's alimony obligation to $100 per month. The husband paid the wife $800 per month until May 1996 when he unilaterally reduced his alimony payment to $200 per month.
On August 1, 1996, the wife filed a petition, requesting that the husband be held in contempt of court for failing to pay alimony as ordered. The husband answered, denying that he owed any alimony arrearage. On November 12, 1996, the husband filed the 1993 amendment to the separation agreement.
On November 20, 1996, the trial court entered a judgment, finding that the parties had entered into an amended separation agreement and that the husband did not owe an alimony arrearage. The wife filed a motion to alter, amend, or vacate the judgment, which the trial court denied.
The wife appeals, raising three issues; however, we find the dispositive issue to be whether the trial court erred in enforcing the amendment to the separation agreement.
An agreement that is merged into a judgment loses its contractual nature and is subject to the equity power of the court. Ex parte Owens, 668 So.2d 545 (Ala. 1995). Parties to a divorce may not change or modify the divorce judgment by an agreement between themselves. Holland v. Holland, 406 So.2d 877
(Ala. 1981). Therefore, the 1993 amendment to the separation agreement did not modify the husband's alimony obligation.
Moreover, the record is devoid of any evidence that the trial court modified the husband's alimony obligation after the entry of the divorce judgment. Consequently, we conclude that the trial court erred in enforcing the amendment to the separation agreement and in holding that the husband did not owe any alimony arrearage.
The judgment of the trial court is reversed and this cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.