MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of the petition for a writ of certiorari in this case. I would grant the petition because I believe Linda House has demonstrated a true conflict between the no-opinion affir-mance by the Court of Civil Appeals in this case and the decisions in Holland v. Holland, 406 So.2d 877 (Ala.1981), and Price v. Price, 705 So.2d 488 (Ala.Civ.App.1997).
According to Ms. House’s petition, the Shelby Circuit Court held as follows in its October 5, 2001, order:
“1. [Ms. House] claims that [Mr. House] owes her an additional $1,427,448.50, plus interest, for stock which she claims that he did not convey to her pursuant to certain provisions as set forth in Paragraph No. 20 of the Agreement of the parties which was made a part of the Final Judgment of Divorce which was entered by the Court on December 22, 1997. [Mr. House] *101 contends that the parties subsequently modified their original Agreement, as set forth in Paragraph No. 20 thereof, and that, pursuant to the modified Agreement, [Mr. House] has discharged in full his modified obligations to [Ms. House]. The Court FINDS said issue in favor of [Mr. House], and the relief which [Ms. House] has requested is DENIED. (C. 106.)”
(Emphasis added.) On appeal, the Court of Civil Appeals affirmed the trial court’s order without an opinion, citing in its no-’ opinion affirmance Smyth v. Smith, 667 So.2d 717 (Ala.1995), and Big Thicket Broadcasting Co. v. Santos, 594 So.2d 1241 (Ala.Civ.App.1991).
In her petition, Ms. House asserts that the Court of Civil Appeals’ affirmance of the trial court’s order conflicts with Holland and Price, supra. In Holland, this Court held that “parties to a divorce decree may not change or modify the decree merely by an agreement between themselves.” 406 So.2d at 879. “[A] final judgment or decree may not be modified or amended by a subsequent agreement between the parties.” Id. Likewise, in Price the Court of Civil Appeals held:
“An agreement that is merged into a judgment loses its contractual nature and is subject to the equity power of the court. Ex parte Owens, 668 So.2d 545 (Ala.1995). Parties to a divorce may not change or modify the divorce judgment by an agreement between themselves. Holland v. Holland, 406 So.2d 877 (Ala.1981). Therefore, the 1993 amendment to the separation agreement did not modify the husband’s alimony obligation.”
Price, 705 So.2d at 489 (emphasis added).
Larry House concedes in his reply brief to this Court that “the parties to a divorce [judgment] cannot modify the [judgment] by an agreement among themselves.” Mr. House, however, argues that “there was no modification of the Final Judgment.”
I disagree with Mr. House’s interpretation of the trial court’s order. The October 5, 2001, order specifically addresses Mr. House’s contention that “the parties subsequently modified their original Agreement,” and that Mr. House had “discharged in full his modified obligations.'” (Some emphasis added.) The trial court then explicitly found “said issue in favor of [Mr. House],” and denied the relief requested by Ms. House. I believe the “said issue” upon which the trial court found in favor of Mr. House can refer only to his contention that he had fulfilled his obligations under the terms of the agreement allegedly modified by the parties after the entry of the divorce judgment. If so, then such a postjudgment modification would appear to violate the principles articulated in Holland and Price, supra.[1]
Thus, I believe that Ms. House has alleged a valid ground for conflict under Rule 39(a)(1)(D), Ala. RApp. P., and that this Court should grant the petition to more closely examine Ms. House’s argu- *102 merits and the record below. Accordingly, I dissent from the denial of her petition.

. Smyth and Big Thicket Broadcasting, cited by the Court of Civil Appeals in support of its no-opinion affirmance, have nothing to do with divorce judgments or modifications of judgments, but pertain to contract principles regarding the validity or terms of an oral modification to a contract (in Smyth, a contract to lease property, with an option to purchase; in Big Thicket Broadcasting, a reciprocal trade agreement). As the Court of Civil Appeals noted in Price, "[a]n agreement that is merged into a judgment loses its contractual nature 705 So.2d at 489 (emphasis added). Thus, considering that the agreement in this case had "merged into a [divorce] judgment,” Smyth and Big Thicket Broadcasting are not particularly helpful.