22 So.2d 89

### GARLINGTON v. GARLINGTON.

8 Div. 307.

Supreme Court of Alabama.

May 10, 1945.

Norman W. Harris, of Decatur, for appellant.

Ben L. Britnell, of Decatur, for appellee.

**LIVINGSTON, Justice.**

Petition by the former husband seeking to be relieved from all future payment of alimony, or a reduction in the amount of permanent alimony previously agreed to and incorporated in the decree of divorce separating the parties.

The parties were married August 8, 1942, and lived together as husband and wife until October 9, 1943, when they separated. On October 11, 1943, the wife filed suit for divorce, alleging cruelty. The decree for divorce was made and entered on the same day, and in accordance with an agreement of the parties, alimony in the sum of $100 per month, payable monthly, was awarded the wife.

The decree of the lower court, from which the husband prosecutes this appeal, reduced the monthly alimony payments to $75. The wife, by cross-assignments of error, endeavors to collect the full amount agreed upon when the separation occurred.

For convenience, we will refer to the husband as defendant and the wife as complainant.

The evidence is without serious conflict, save as to one point which we will note below. It establishes the following facts. The defendant entered the Army Air Corps in March 1942, and the parties were married on August 28, 1942, and lived together as husband and wife for a little more than a year. The defendant is now and was at the time of the divorce a captain in the United States Air Corps. At the time of the divorce his salary was $432 a month, and since that time he has received an increase of $15 per month as longevity pay. As soon as he could legally do so under the terms of the divorce decree, the defendant married again, and by this marriage he now has a son. Shortly after the divorce proceeding the defendant was transferred from Alabama to Detroit, Michigan. His living expenses have increased approximately $90 per month. He has increased his contribution to the support of his mother approximately $22.50 a month. Defendant's mother is employed as a buyer for the children's department of a department store in Spartanburg, South Carolina. She has two other sons, one unmarried in the United States Navy, and the other is married and employed by the DuPont Laboratories. Complainant is now employed at a salary of $123.67 per month, and is living with her father and mother in Anderson, South Carolina. So far as the record discloses neither party owns any property, other than a small amount of furniture, personal effects, etc.

The only conflict in the testimony relates to the reasons underlying the agreement of the parties fixing $100 per month as permanent alimony, and which agreement was carried into the divorce decree. The defendant testified that he did not know that complainant intended to work, but understood that she would return to school, and would be entirely dependent upon the payment of alimony for her support and maintenance. Complainant denies that such an understanding motivated the agreement between the parties. Defendant's immediate second marriage and other uncontroverted facts, which we need not here detail, fully persuade us that the agreement of the parties was not based on such an understanding.

It is now firmly established in this jurisdiction that where a decree for permanent alimony is not for a lump sum, nor otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be

from the future earnings of the husband, the court has power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not. Epps v. Epps, 218 Ala. 667, 120 So. 150; Aiken v. Aiken, 221 Ala. 67, 127 So. 819.

■ It is also well settled that an agreement of the parties fixing the amount of such alimony becomes merged into the decree, and thereby loses the contractual nature at least to the extent that the court has the power to modify the decree when changed circumstances so justify. Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Adams v. Adams, 229 Ala. 588, 159 So. 80.

■ Upon the matter of permanent alimony for the wife, our present statutes (sections 31 and 32, Title 34, Code of 1940) leave much to the discretion of the trial court, but this discretion is judicial and not arbitrary, and is subject to review on appeal. Sharp v. Sharp, 230 Ala. 539, 161 So. 709; Thomas v. Thomas, 233 Ala. 416, 172 So. 282.

■ There is no fixed rule for the determination of the amount of alimony. The amount to be awarded depends upon all the relevant circumstances, in the light of which it must be just and reasonable. 27 Corpus Juris Secundum, page 970, Divorce, § 236. These elements are not susceptible of proper enumeration since the court in the exercise of its discretion may and should select or emphasize certain ones appropriate to the facts of the particular case, and since regardless of how exhaustive a list of such factors may be additional ones are constantly making their appearance. 27 Corpus Juris Secundum, page 970, Divorce, § 236, page 950, § 233.

■■ The court may and should inquire into the earning ability of the parties and their probable future prospects, their age, sex, health and station in life; the duration of the marriage, the conduct of the parties with particular reference to the cause of divorce, and the subsequent marriage of the husband. But viewed in any aspect, we are not persuaded the decree rendered should here be disturbed. It is therefore affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.