201 So.2d 51

**Martin BLOCK**

**v.**

**Joyce BLOCK.**

**6 Div. 455.**

Supreme Court of Alabama.

June 22, 1967.

Bill Fite, Hamilton, for appellant.

No attorney for appellee.

·MERRILL, Justice.

This appeal is by the ex-husband from a decree of modification rendered September 30, 1966, which increased his alimony payments to his ex-wife to the sum of $250.00 per month, and ordered him to pay the sum of $500.00, the amount he was in arrears in alimony payments. We have been notified by the ex-wife, appellee, that she will not be represented by counsel on appeal.

The parties were divorced by a decree of the Marion County Superior Court, in Equity, on October 28, 1960. This decree stated that an agreement between the parties dated October 15, 1960, relative to the care, custody, control, maintenance and support of their minor child be incorporated therein by reference. There was no specific mention of alimony in the decree.

On April 2, 1965, the appellee, complainant in the original divorce action, filed a petition requesting the court to modify the decree of October 28, 1960, so as to require appellant to pay her $200.00 per month alimony. In April, she amended her petition by raising the requested amount to $300.00 per month. On October 29, 1965, she again amended her petition by making the agreement, dated October 15, 1960, an exhibit thereto. This agreement required the appellant to pay to the appellee alimony in the sum of $100.00 per week. However, the parties had executed an agreement of modification on April 12, 1962. This agreement provided that appellant's alimony payments to appellee should not be reduced below $35.00 per week as long as appellant was earning in excess of $500.00 per week, and the agreement further provided that the weekly payment for alimony should be reduced in the same ratio or proportion that the gross income of the appellant was reduced below that of his gross income in 1960.

Appellant lays much stress on the following provision in the agreement:

"NINTH: In the event that at any time hereafter a judgment or decree of divorce or separation shall be entered in favor of either party in any court of competent jurisdiction, the provisions of this agreement for the support and maintenance of the Wife and for the support and maintenance of the child of said marriage, shall be embodied in any such judgment or decree or may be adopted by reference and shall survive any such decree or judgment but no such judgment or decree so obtained by either party shall in any way affect this agreement or any of its terms, covenants and conditions, or its validity, it being intended that this agreement or any of its terms, covenants and conditions, shall be absolute, unconditional and irrevocable, and that both parties shall forever be legally bound thereby."

With this we cannot agree. It is well settled that an agreement of the parties fixing the amount of alimony becomes merged into the decree, and thereby loses the contractual nature at least to the extent that the court has the power to modify the decree when changed conditions so justify. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Adams v. Adams, 229 Ala. 588, 159 So. 80. The equity court which granted the original divorce had the authority to consider a modification of the

amount of alimony irrespective of the terms of the agreement.

■ It is equally well settled that where a decree for permanent alimony is not for a lump sum, nor otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be from the future earnings of the husband, the court has the power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not in the decree. Garlington v. Garlington, supra; Epps v. Epps, 218 Ala. 667, 120 So. 150.

That brings us to the question of whether there has been a substantial change of conditions to support the decree of the trial court in increasing the monthly alimony payments. The ex-wife, appellee, was the only witness to testify. She testified that she was thirty-five years of age, in good health and not employed; that appellant is sixty-three years of age and that her sole and only ground for seeking modification of the alimony payments is that the cost of living has increased. She testified that her rent, groceries, clothing, automobile and entertainment expenses had increased since 1960, but she produced no records showing an increase in grocery expenses, clothing expenses, utility bills or automobile expenses. The amount of increase which she did testify to were guesses or approximations. She also admitted that appellant's payments for the support of their child, born April 20, 1960, had been reduced by court order from $150.00 per week to $100.-00 per week. She said she had no idea as to whether appellant's income had increased or decreased since 1960. An example of her uncertainty is that on direct and cross-examination, she testified that her husband was in arrears in his alimony payments by $7,000 or $8,000, but she admitted on cross-examination that he was only $500.00 behind and that figure was shown in the last pleading that she had filed.

■ Where a decree of divorce has adopted an agreement with respect to alimony and maintenance, the court will not modify such agreed decree except on proof of changed conditions which justify the modification and only to the extent of such changed conditions. Callen v. Callen, 257 Ala. 226, 58 So.2d 462, and cases there cited.

■ Also, the court may and should inquire into the earning ability of the parties and their probable future prospects, their age, sex, health and station in life; the duration of the marriage, the conduct of the parties with particular reference to the cause of the divorce. Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.2d 1; Garlington v. Garlington, 246 Ala. 665, 22 So. 2d 89.

■ It is common knowledge that the cost of living has risen since 1960, but due to the uncertainty and vagueness of appellee's testimony and the absence of any evidence of the financial status of appellant and the admission that another court had, since the rendition of the original decree of divorce, reduced the support and maintenance payments for the child from $150.-00 per week to $100.00 per week, we are not convinced that the finding of the court was supported by the evidence. It follows that the part of the decree setting the alimony payment at $250.00 per month is reversed.

No point or assignment of error is directed at that part of the decree which orders appellant to pay appellee "the sum of $500.00, the amount he is in arrears in alimony payments." It follows that that portion of the decree is affirmed.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.