As a third party beneficiary, the plaintiff brought this civil action against his father in the Circuit Court of Clay County for the specific performance of a separation agreement made by the plaintiff's parents to *Page 79 
convey land to him. Also included in the complaint were contempt proceedings against the father.
For convenience, we have numbered certain paragraphs of the agreement which was attached to and made a part of the complaint, and, for clarity, the following pertinent provisions are quoted therefrom:
 KNOW ALL MEN BY THESE PRESENTS:
 That the undersigned, Carol Grogan East herein called the wife, and Don Charles East herein called the husband have separated and divorce proceedings are being commenced in the Circuit Court of Escambia County, Alabama, by the said Carol Grogan East against the said Don Charles East, and wherein the parties are the parents of a child, namely, Charles Aubrey East, now about two years of age, and the parties desire to make an agreement between themselves relative to the future custody of the said child.
 (1) NOW THEREFORE it is agreed by and between the parties that both parties are suitable persons to be entrusted with the custody of their said child in all respects, but that the parties have agreed between themselves that it is to the best interest of the said child that the Father or husband, Don Charles East be awarded the custody of the said child during the school term and that the said Carol Grogan East shall have the custody of the said child during the three months of summer vacation each year, and each of the parties shall have the custody of the child during alternate Christmas Holidays; the said child to be awarded into the custody of Carol Grogan East the Christmas Holidays of the year 1962.
 (2) It is understood and agreed by the parties that the husband shall pay to the wife the sum of $60.00 per month as permanent alimony which said sum shall be payable on the 1st day of each calendar month hereafter.
 (3) It is agreed by and between the parties that the wife shall have all of the household goods of the parties, with the provision that the husband may select therefrom any articles which belong peculiarly to him or which he has a necessity for and the wife does not, said selection to be made within one year from this date.
 (4) It is further understood and agreed that the parties will convey to the said Charles Aubrey East by a good and sufficient Warranty Deed conveying title in fee simple the 45 acres of land owned by the husband in Clay County, Alabama.
 (5) The parties hereby humbly request the Circuit Court of Escambia County, to take cognizance of this agreement and to award the custody of the minor child of the parties in accordance therewith and to award alimony in accordance therewith.
 IN WITNESS WHEREOF we have hereunto set our hands and seals in triplicate on this the 1st day of May, 1962.
Further filed with the complaint was a copy of a decree of the Circuit Court of Escambia County dated May 11, 1962, which divorced the plaintiff's parents and largely copied the provisions of paragraphs (1) and (2) of such agreement as to custody of the son and alimony for the wife. None of the provisions of any of the other paragraphs of the separation contract were included, mentioned, or expressly or impliedly incorporated into the divorce decree.
We will not burden this decision with the pleadings seeking to place the father in contempt of court for failure to convey the real estate because the Clay County Circuit Court has no contempt authority to enforce an Escambia County Circuit Court decree. However, of greater importance in this case is the fact that no contempt proceedings can successfully be pursued against a party for failure to perform according to the terms of a separation agreement, which terms are not included in a judgment or decree. There is no violation of any order of the court in such a case since there is an absence of an order as to the subject matter. In the context of this case, a civil contempt consists in the failure *Page 80 
of a person to do something which he was ordered to do by a court in a civil action for the benefit of the opposing party therein. 4A Ala. Digest, Contempt Key 4. Here, the father was not ordered by the court to convey the property, and he cannot be held in contempt of court for failure to deed the property to his son.
The remaining allegations of the amended complaint state that the son was a third party beneficiary to said agreement of his parents, that the father violated its terms by refusing to convey the land to the son, and that the father breached the contract, which breach continues in that he refuses to comply with its provisions. As relief, the son seeks a court order that his father execute a deed of the land to him. In short, he requests specific performance of the contract.
The defendant father's amended motion to dismiss the complaint was granted by the circuit court. The son appeals.
 The first ground in the motion is under Rule 12 (b)(6) of the Alabama Rules of Civil Procedure. This is a motion which should seldom be granted and should only be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1958); Trabits v. First National Bank, 295 Ala. 85, 323 So.2d 353, 358
(1975). It does not appear to us that at this stage of the case the appellants would be unable to prove any set of facts in support of their claim which would entitle them to relief.
Jeannie's Grocery v. Baldwin County Elec. Mem. Corp., (Ala.),331 So.2d 665, 666-667 (1976).
A trial court is not controlled by a separation agreement of the parties. The court may adopt or reject such part of it as is deemed proper according to the situation of the parties.Williams v. Williams, 261 Ala. 328, 74 So.2d 582 (1954);Russell v. Russell, 247 Ala. 284, 24 So.2d 124 (1945). The father contends that, since paragraph numbered (4) of the agreement was not included in the decree it, therefore, ceased to be viable as a part of the separation agreement.
Thus, we are first presented with the question as to whether that part of the agreement to convey the land to the son was merged in the decree. If such a merger does not exist, those contractual provisions may be enforced by a civil action upon them rather than on the decree. 24 Am.Jur.2d 1048, Divorce and Separation § 920. On the other hand, if the entire agreement became merged in the decree, only the decree and not the contract may be enforced, Horan v. Horan, 259 Ala. 117,65 So.2d 486 (1953), which, in this case, might mean that no cause of action presently exists since the land conveyance promise was not carried over to and included in the divorce decree. We determine that an agreement-judgment merger did not occur as to the matters contained in paragraph (4) of the agreement.
"[T]he question whether a separation agreement or a property settlement is merged in the decree or survives as an independent agreement depends upon the intention of the parties and the court. . . ." 24 Am.Jur.2d 1031, Divorce and Separation § 908. The language of paragraph (5) of the agreement indicates that the parties intended a merger of only paragraphs (1) and (2); and, since those two provisions as to custody and alimony are the only portions of the contract which were included in the decree, and since they were the only provisions of the agreement which the parties in paragraph (5) requested to be approved by the court, it is more reasonable to assume that the trial court intended to comply with that expressed written request of the parties as contained in paragraph (5) than to assume that the court intended to eliminate the right of the son to a conveyance of the property. If the divorce court intended to disavow and disallow the gift of the land to the son it could have easily said so in the divorce judgment. The intent was not to merge any portion of the agreement with the decree except those two custody and alimony provisions (paragraphs (1) and *Page 81 
(2) of the contract) which were set forth in the decree. Since there was no merger of paragraph (4) of the agreement with the divorce decree, a civil action could be instituted founded upon that paragraph's contractual rights.
Additionally, the father's contentions as to the complaint could be rejected under authority of Newton v. Roe, 290 Ala. 191,194, 275 So.2d 135, 137-138 (1973), wherein it was stated:
 Applying the above stated equitable principles to the present case, we feel the evidence justified the trial court's conclusion that at the time of the divorce settlement it was intended by the parties that the respondent would be the exclusive owner of the 79-acre tract, and that such intention should be effectuated through this litigation. Indeed, the complainant's evidence, including her own testimony fails to dispute that such were the terms of the agreement. Although complainant does not deny that such an understanding was reached between the parties, she nevertheless insists that since the same was not included in the final decree of divorce, and that no deed conveying her interest was ever executed, it is not now binding on her; and, consequently, she remains the owner of an undivided one-half interest in the property.
 We agree with the trial court's rejection of complainant's contention; and we hold that the trial court did not exceed its jurisdiction in adjudicating the rights of the parties by divesting title out of the complainant and in the respondent in accordance with the complete settlement agreement disclosed by the testimony as if she had executed the deed on the date of the property settlement incident to their divorce. Accordingly, the judgment of the trial court is due to be and is hereby affirmed.
In that respect, this court's opinion in Durham v. Durham, Ala.Civ.App., 336 So.2d 1360 (1976), does not apply since the present case is one of specific performance of a contract not an action for modification of a prior judgment.
The appellee further argues that the son was not a third party beneficiary of his parents' contract. We disagree.
 Alabama law is clear to the effect that one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promissor. Anderson v. Howard Hall Company, 278 Ala. 491, 179 So.2d 71 (1965); Mutual Benefit Health Accident Association of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714 (1960); Tennessee Coal, Iron Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459 (1952); Employers Ins. Co. of Alabama v. Rhodes, 240 Ala. 226, 198 So. 616 (1940); Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58 (1939); Barlowe v. Employers Ins. Co. of Alabama, 237 Ala. 665, 188 So. 896 (1939). The only condition being that the third person must have been intended to be directly and incidently benefited. Anderson v. Howard Hall Company, supra; Brown v. Fogarty, 221 Ala. 283, 128 So. 376 (1930).
Harris v. Board of Water Sewer Com'rs of Mobile, 294 Ala. 606,611, 320 So.2d 624, 628 (1975).
While the land conveyance proviso was a part and parcel of the separation agreement and presumably benefited the parties to the divorce, it also directly benefited their son. 4 Corbin,Contracts § 775 (1951). It is difficult to imagine a case whereby parents, by their contract, intend to benefit a son in a more direct manner than where they agree to convey land to that child free gratis. Where H has contracted with W for H to convey land to C, C may sue H for specific performance of the contract upon H's breach thereof. 4 Corbin, Contracts § 810 (1951). If C was a minor when the contract was made, he would have three years after reaching 19 years of age, but no more than 20 years from the time the claim or right accrued, within which to sue for specific performance. § 6-2-8, Code of Ala. 1975. *Page 82 
At this stage of the case, we are not convinced of the inability of the plaintiff to prove facts in support of his claim which would entitle him to relief. The learned trial court, therefore, erred in granting the defendant's motion to dismiss. What we have stated herein concerns only the present posture of this case for we are not endowed with future vision as to the pleadings, defenses, issues, discovery, evidence or facts which will be hereafter presented, and we have no intent to expressly or impliedly comment thereon.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.