Plaintiff (wife) and defendant (husband) were divorced in 1975. The decree of divorce incorporated an agreement of the parties. In 1981 husband sought termination of the requirements of the decree as to periodic alimony under § 30-2-55, Code of Alabama 1975, because of the remarriage of the wife.
The wife answered, claiming past-due alimony accrued under the divorce decree and claiming a vesting of alimony in gross. She also contends that § 30-2-55 is violative of due process, equal rights and right of contract provisions of the Constitutions of the United States and State of Alabama.
The pertinent provisions of the divorce decree are as follows:
 "ALIMONY: As alimony, Defendant shall pay over to Petitioner the monthly sum of $850.00 commencing with the *Page 1273 
month of January, 1975, and in addition thereto Defendant shall pay over to Petitioner 25% of all future net pay raises. "In the event of the remarriage of Petitioner the foregoing award of alimony shall be reduced by 50% at the time of such remarriage and completely terminate one (1) year subsequent to the remarriage of Petitioner.
 "LIFE INSURANCE: Petitioner shall be and remain as sole beneficiary on all "straight" life insurance policies provided by or through any company by whom Defendant might now or hereafter be employed. Expressly excluded from this provision is any policy or policies of accidental life insurance.
 "RETIREMENT INCOME: For the life time of Petitioner, she shall receive from Defendant one-third (1/3) of Defendant's net retirement pay afforded to him through any past, present or future employment. The foregoing shall not include Social Security benefits during the lifetime of Defendant."
The court heard evidence ore tenus and made findings that the paragraph as to alimony was reduced by mutual agreement of the parties, and the wife waived any objection to the reduction as of July 1978. Thereby payments were reduced to $700.00 per month. The paragraph relating to life insurance constituted an award of alimony in gross but applied only to what the evidence termed a base policy in the approximate amount of $47,000.00 and did not apply to a supplemental policy purchased by the husband. It further found that the paragraph titled "RETIREMENT INCOME," provided for periodic income and was therefore terminated by the remarriage of the wife as provided in §30-2-55. The court then ordered paragraphs "ALIMONY" and "RETIREMENT INCOME" of the divorce decree to be no longer effective as of October 2, 1981, the date of the remarriage of the wife; that the provisions of the decree relating to life insurance included only the "base policy" but that constituted alimony in gross. It was ordered that the sum of $700.00 due as alimony for the month of September 1981 be paid to the wife. The wife appealed to this court.
The appeal first contended that the court erred in finding that the provisions for periodic alimony were modified by agreement of the parties in July 1978. There was evidence that the husband fully complied with the "alimony" provisions of the decree until about July 1978. There were increases because of his increased salary until he was paying up to $900.00 per month. In July 1978 he became eligible for retirement with his company. In view of the large payment he was then making to the wife, he called her and told her he could now retire and was considering doing so unless she agreed to accept a reduction of alimony down to $700.00 per month. Husband stated wife agreed to the reduction. He thereafter paid her $700.00 from July 1978 until he learned of her remarriage in September 1981. The wife accepted his checks without complaint until husband brought this action.
The wife acknowledges all of these events except that of the claim of her agreement to a reduction. She said she neither agreed nor disagreed, only accepted. Thus a factual conflict was presented by the evidence as to whether there was an agreement to waive her known rights. There was evidence before the court that the wife thought that husband was going to retire. Though the amount of his retirement income was unknown, it was evident that it would be greatly less than he was earning in salary. There was apparently little if any animosity between the parties subsequent to the divorce. Each had visited the other and with their children. The wife openly enjoyed intimate relationships with at least two men (one of whom she has now married) in the presence of her children and her former husband. The husband had remarried. There appeared to be no issue made of the reduced alimony subsequent to the alleged agreement.
With this and other evidence before it, the court concluded a mutual agreement was reached by the parties to reduce the alimony payments. *Page 1274 
The use by the trial court of terminology that the parties by agreement "modified" the original decree of alimony by reducing alimony to $700.00 per month is perhaps confusing and unfortunate. At first impression it may be thought that that finding is contrary to the decision of the Alabama Supreme Court in the case of Holland v. Holland, 406 So.2d 877 (Ala. 1981) and the yet unpublished decision in the case of Ex parteEugene Smith, Jr., 429 So.2d 1050 (Ala. 1983). The court held in those cases that a final judgment may not be modified or amended by a subsequent agreement between the parties. Of course that holding is the law. Only the court may modify or amend its final judgment. However, we do not understand that holding to mean that the parties by agreement may not waive or release, in part or in entirety, their rights to the benefits granted by such judgment. Such waiver, satisfaction, credit or release of judgment by subsequent contract is common at law or in equity. Any right held by a party, whether by judgment or otherwise, may be the subject of contract to alter, exchange, waive, sell or satisfy. 15A C.J.S. Compromise and Settlement § 23; Winegardner v. Burns, 361 So.2d 1054 (Ala. 1978); Watson v.McGee, 348 So.2d 461 (Ala. 1977). Whether there was such a contract with consideration was an issue of fact in this case. The finding of the court that by agreement the wife waived or compromised her right to the full amount of alimony and accepted the lesser amount of $700.00 per month is supported by evidence presented. Though referring to the divorce decree as being modified by agreement, the trial court also found that the wife waived the full amount by agreement. The finding of waiver by agreement viewed with a presumption of correctness is affirmed. McGaha v. Steadman, 410 So.2d 420 (Ala.Civ.App. 1981).
The second issue is whether there was error in holding that the life insurance provision of the decree applied only to one policy.[1]
In responding to the contention of the wife on this issue, we note that the judge whose interpretation of the life insurance provision is now before us, was the judge who accepted the parties' agreement and placed it in the divorce decree. Because of that fact, though it is not conclusive, and because of some ambiguity in the phrase "provided by and through," when considered in the light of the evidence presented, we are again constrained to accept the trial court's judgment. The evidence was that the husband, at the time of the divorce, had in effect on his life two straight life insurance policies. The "base policy" was provided by his employer. The employer paid the premiums. There was a "supplemental" policy for the same benefit amount, presumably with the same insurer, for which the employer did not pay the premiums. The evidence did not disclose how the second policy was obtained. It might have been concluded that it was available or offered to the husband because of his employment. However, it could be said that it was not "provided by or through" his employer when he paid the premiums. Evidence of the true intent of ambiguous words in a contract is admissible. Mitchell v. Mitchell, 348 So.2d 1071
(Ala.Civ.App. 1977).
The third issue is whether the provision in the divorce decree giving to the wife one-third of the husband's net retirement pay was an award of periodic alimony, an award of alimony in gross or a property settlement.
The trial court held the award to be periodic alimony, terminable by remarriage under § 30-2-55, Code of Alabama 1975. The wife contends that because the husband stated he had a vested interest in the retirement at the time of the divorce, it was an asset and subject to division. The husband contends that only a right to some retirement benefits was vested if he continued in his employment for the time required *Page 1275 
for retirement. He did not know what his benefits would be at that time. He further testified that the purpose of the provision was to provide for support and maintenance of the wife subsequent to his retirement when the specific periodic alimony would end.
In all cases of construction of a divorce decree for the purpose of determining whether an award is periodic alimony or alimony in gross, and it is not specifically stated, the court will look to the source of payment and the purpose. Borton v.Borton, 230 Ala. 630, 162 So. 529 (1935). The late Justice Bloodworth examined the legal and factual distinctions between periodic alimony and alimony in gross in the case of Hager v.Hager, 293 Ala. 47, 299 So.2d 743, aff'd 53 Ala. App. 740,299 So.2d 75 (1974). This court has since looked to that decision for guidance. The court therein said:
 "`Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce. . . . On the other hand, `periodic alimony' is an allowance for the future support of the wife payable from the current earnings of the husband. . . ."[2]
As the purpose of the award from the retirement pay of the husband was not designated in the decree, it was proper to consider testimony of the parties as to the events of the time and the intent of the parties in arriving at the agreement. It is undisputed that a right to some retirement benefits was vested in the husband at the time of the divorce. It is also undisputed that the amount of the benefits was not known. It is evident that after retirement the husband would not be able to pay $850.00 in periodic alimony. It was therefore reasonable for the court to conclude that the designated interest in the monthly retirement income of the husband was intended to provide for the support of the wife from his then current earnings. The conclusion of the court was in accord with our holding in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979).
Section 30-2-55 directs modification of a divorce decree providing for periodic alimony upon proof of the remarriage of the spouse receiving it. The statute as it now appears was enacted under express authority of amendment 390 to the Constitution of Alabama. The final issue in this case is whether the statute applies if the decree awarding periodic alimony incorporates an express agreement of the parties that such payments shall continue after marriage.
The wife has presented contentions that § 30-2-55 if applied to cases involving agreements of the parties, is unconstitutional in that it impairs the obligations of a contract and denies due process. We will not discuss these contentions in any length. We find them inapplicable to this case.
It has long been held in this state that if the parties to a divorce proceeding have entered into an agreement in anticipation thereof and request that its provisions in full or in part be included in the decree of the court, such agreement, if incorporated, loses its contractual nature insofar as the right to modify it is concerned. Hutton v. Hutton, 284 Ala. 91,222 So.2d 348 (1969). This court has said that if there is an agreement between the parties and it is not merged or superseded by the decree of the court, it remains a contract between the parties and may be enforced as any other contract. However, any part of the agreement which is merged in the decree is subject to the equity power of the court and is no longer of a contractual nature. East v. East, 395 So.2d 78
(Ala.Civ.App. 1980), cert. denied, 395 So.2d 82 (Ala. 1981).
By adoption of amendment 390 to the constitution and enactment of § 30-2-55, it has become the law and thus the public policy of this state that periodic alimony decreed by the court, which always has *Page 1276 
been modifiable upon a showing of changed circumstances,Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App. 1977), is now to be terminated upon remarriage of the spouse receiving it. Such law and public policy is consistent with our jurisprudence. Divorce was not a common law right. It is purely statutory. The power to award alimony is also purely statutory.Ivey v. Ivey, 378 So.2d 1151 (Ala.Civ.App. 1979). Alimony is derived only through the authority of statute and the exercise of the discretion of the trial judge. Therefore, what the legislature has granted it may take away. It has chosen to limit the discretion of the court by directing that an award of alimony in a prior decree be terminated by the court upon proof that the receiving spouse has remarried. It is well within the power of the legislature to do so.
It is not the purpose of this decision to speak in any manner to contracts between husband and wife regarding any matters pertaining to their marital interests so long as they are not included in a decree of divorce. It must be recognized however that all matters related to a marriage may come within the authority of the court sitting in equity when the parties submit themselves to its jurisdiction by the filing of a suit for divorce. Owens v. Owens, 281 Ala. 239, 201 So.2d 396
(1967). Any agreement previously made may be accepted or rejected in full or in part as the court determines just and equitable.
It is therefore the judgment of the court that the decree of the circuit court should be affirmed.
AFFIRMED.
HOLMES, J., concurs specially.
BRADLEY, J., not sitting.
[1] The finding that the requirement of making the wife the "sole beneficiary" of life insurance was an award of alimony in gross and non-modifiable was not appealed. Therefore we accept that finding without comment.
[2] Because of the decision of the United States Supreme Court inOrr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), and the amendments to our divorce statutes rendering them sex neutral, this quotation must be read accordingly.