EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil contempt action which arose from the non-payment of pendente lite alimony.
On July 2, 1984, the wife instituted her divorce case and filed her separate motion for a reference to ascertain certain matters, including a reasonable amount pen-dente lite to be paid by the husband as support and maintenance for her. The reference was set for a hearing on July 12, 1984. It was estimated by one of the attorneys that the register heard about 1.5 hours of testimony on that date, whereupon the parties evidently reached an agreement whereby the husband was to make certain payments to the wife. On July 12, 1984, the register made an “ORDER FOR SUPPORT PENDENTE LITE’ wherein, after making certain factual findings, the following was provided:
“IT IS THEREFORE ORDERED THAT;
“1. The Defendant deposit the proceeds of all sales of Moreland Timber Company into the company account.
“2. That from the proceeds thereof the Plaintiff is awarded the sum of $150 per month as her draw for doing the books and tending to the business affairs of the company. That she is awarded an additional $250 per week to be paid from the account of Moreland Timber Company or the amount of her expenses which were normally paid for by the company whichever is less.”
The husband’s testimony is uncontradicted and undisputed to the effect that notice of the filing of that report was never received by him and that he first became aware of its existence on August 24, 1984. No objections were filed by either party to the register’s report. On August 16, 1984, the wife filed a motion that the husband be adjudged to be in contempt because of his failure to make the payments as provided by the order of the register of July 12, 1984. The report of the register was not approved by the trial court prior to August 24, 1984. The husband moved that the register’s order be set aside, and he alleged, among other grounds, that it had never been confirmed by the trial court and that he was not given the opportunity to file objections thereto because he was not given notice of the filing of the report by the clerk. After hearing testimony on August 24, 1984, the learned trial court on that date adjudged the husband to be in contempt of the order of July 12, 1984, and he was given seven days to comply therewith or be incarcerated in the county jail. The husband seeks a writ of certiorari.
References are now governed by Rule 53 of the Alabama Rules of Civil Procedure. That rule specifically provides that, upon the filing of the report by the master, the clerk shall forthwith mail a notice of the filing to all parties. Rule 53(e)(1), A.R.Civ.P. When a Rule 53 reference in a nonjury case is ordered and a report is made thereunder, the report has no efficaciousness in and of itself. The report is not self operative. After a report is filed, written objections may be made thereto within ten days after notice of the filing; but, if no objections are filed, the report does not stand automatically approved; but the trial court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. Rule 53(e)(2), A.R. Civ.P. That procedure was not followed in this case after the report was filed, and, as of the date that the husband was adjudged to be in contempt, there was no order of the trial court which adopted or otherwise took action upon the report.
*1165 “[N]o contempt proceedings can successfully be pursued against a party for failure to perform according to the terms of a separation agreement, which terms are not included in a judgment or decree. There is no violation of any order of the court in such a case since there is an absence of an order as to the subject matter. In the context of this ease, a civil contempt consists in the failure of a person to do something which he was ordered to do by a court in a civil action for the benefit of the opposing party therein. 4A Ala. Digest, Contempt Key 4. Here, the father was not ordered by the court to convey the property, and he cannot be held in contempt of court for failure to deed the property to his son.”
East v. East, 395 So.2d 78, at 79 and 80 (Ala.Civ.App.1980). Prior to the contempt adjudication, the trial court had not acted upon the report of the register in any manner. Consequently, since the trial court had not adopted the report at that time, the husband had not been ordered by the court to make any pendente lite payments to the wife. While other remedies may be presently available to the wife, the husband could not be held in contempt of court on August 24, 1984, for his failure to make pendente lite alimony payments because he was under no order of the trial court to pay them. East, 395 So.2d 78.
For the foregoing reasons, the trial court erred in rendering its judgment of August 24, 1984, in this cause. After fourteen days from the date of this decision, a writ of certiorari shall issue to the learned trial court unless that court sets aside its judgment of August 24, 1984, in this cause, and withdraws the order of attachment instructing the sheriff to arrest the husband.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
WRIT OF CERTIORARI CONDITIONALLY GRANTED.
All the Judges concur.