514 So.2d 1026 (1986)
Benjamin S. HARRISON
v.
Margaret S. HARRISON.
Civ. 5229.
Court of Civil Appeals of Alabama.
May 21, 1986.
Rehearing Denied June 26, 1986.
J. Gary Pate of Najjar, Denaburg, Meyerson, Zarzaur, Max & Boyd, Birmingham, for appellant.
Stephen R. Arnold of Durward & Arnold, Birmingham, for appellee.
PER CURIAM.
This is a divorce case.
Margaret and Benjamin Harrison were divorced from their marriage of thirty-three *1027 years in December 1978. The divorce decree incorporated and approved an agreement of the parties. In 1985, the husband filed a petition to modify, among other things, the part of the decree which required him to make monthly alimony payments to the wife. The husband asked the trial court to terminate the alimony payments due to the wife's remarriage. He based this request upon Ala.Code (1975), § 30-2-55, which requires the termination of periodic alimony upon the remarriage of the party receiving such alimony.
The trial court denied the husband's petition to modify and ordered him to pay the wife $20,000 for an attorney's fee.
The husband appeals. We affirm.
As stated above, the divorce decree set forth the provisions of the parties' agreement concerning alimony. Those pertinent provisions are:
"16-A. Defendant [husband] shall pay to Plaintiff [wife] as periodic alimony the sum of Six Thousand Dollars ($6,000.00) per month beginning December 15, 1978, and on or before the 15th day of each month thereafter. Said obligation shall permanently cease upon Plaintiff's death, or Defendant's death. In the event Plaintiff should remarry, the periodic alimony shall immediately be reduced to the sum of Four Thousand Dollars ($4,000.00) per month, and shall permanently cease upon Plaintiff's death or Defendant's death.
"16-B. Plaintiff and Defendant each acknowledge that the undertaking of Defendant to pay periodic alimony to Plaintiff following the remarriage of Plaintiff, and until her death, is supported by an adequate consideration moving from Plaintiff to Defendant in the making of this agreement, and the parties each acknowledge that Defendant's agreement to continue said periodic alimony payments in the amount of Six Thousand Dollars ($6,000.00) and Four Thousand Dollars ($4,000.00) per month respectively subsequent to the remarriage of Plaintiff was and is an inducement to Plaintiff to enter into this agreement, and without which inducement Plaintiff would not have entered into the same. The parties agree that this undertaking is contractual in nature and does not lose its identity in that respect by virtue of any judgment of divorce rendered in this cause. A declaration of non-enforceability by virtue of the unconstitutionality of periodic alimony shall have no effect on Defendant's obligation to pay said sums as set out herein and additionally, Defendant is aware of the provisions of Act 596, 1978 Regular Session, Alabama Legislature, and agrees that the provisions of said Act shall not be applied to this agreement. Defendant further agrees that Defendant would be committing an act of contempt of Court, subjecting himself to the imposition of such action as the Court might deem adequate to impose in the light of the provisions of this agreement, if Defendant seeks, in any fashion, a declaration by the Court that those provisions of this agreement relative to the continuation of periodic alimony are unenforceable because of the unconstitutionality of periodic alimony or due solely to the remarriage of Plaintiff, or due solely to any other act or condition of Plaintiff within the purview of said Act 596."
In denying the husband's petition to modify, the trial court based its decision upon the agreement of the parties that, upon the remarriage of the wife, the husband would continue to pay her alimony, though at a reduced rate. The husband contends that, in so holding, the trial court erred because the parties' agreement was merged into the divorce decree and, thus, was subject to the trial court's power to terminate alimony under § 30-2-55.
Whether the parties' agreement, or a portion thereof, was merged into the decree or survived as an independent agreement depends upon the intentions of the parties and the court which entered the decree. East v. East, 395 So.2d 78 (Ala. Civ.App.1980), cert. denied, 395 So.2d 82 (Ala.1981).
In the East case, the parties had entered into a separation agreement prior to their divorce which set forth in paragraphs one *1028 and two thereof custody and visitation rights and the amount of alimony the wife was to receive. In a separate paragraph four, the parties agreed to convey to their son fee simple title to a parcel of land. The husband/father apparently failed to comply with the requirement of paragraph four, and the son filed suit against him for specific performance, claiming to be a third party beneficiary of paragraph four.
This court concluded that paragraph four had not been merged into the divorce decree and that it thus could be the foundation for the son's suit to enforce his contractual rights thereunder. We based our decision primarily upon the language the parties had used in the separation agreement. In paragraph five of the agreement, they stated:
"The parties hereby humbly request the Circuit Court of Escambia County, to take cognizance of this agreement and to award the custody of the minor child of the parties in accordance therewith and to award alimony in accordance therewith."
East, 395 So.2d at 79.
This court held that the language of paragraph five showed the parties' intent that only paragraphs one and two of their agreement, which dealt with custody and alimony, should be merged into the divorce decree. Because such was the parties' evidenced intent and because the decree itself apparently included provisions addressing only custody and alimony, this court held that there was no merger of paragraph four.
In the present case, the provisions of paragraph 16-B were set forth in the parties' divorce decree. Nevertheless, the parties manifested in 16-B their clear intent that paragraph 16-B of the agreement should not be merged into the divorce decree, but should remain as an independent contractual obligation.
In 16-B the parties state in part:
"The parties agree that this undertaking is contractual in nature and does not lose its identity in that respect by virtue of any judgment of divorce rendered in this cause. ... Defendant is aware of the provisions of Act 596, 1978 Regular Session, Alabama Legislature [Ala.Code (1975), § 30-2-55], and agrees that the provisions of said Act shall not be applied to this agreement...."
Thus, the husband actually acknowledged his awareness of § 30-2-55 and bargained and agreed with the wife that upon her remarriage he would continue to make reduced alimony payments to her, despite the statute.
By this clear and unambiguous language, the parties have manifested their intent that paragraph 16-B, by which the husband agreed to pay the wife $4,000 per month after her remarriage, would remain an independent contractual obligation and not be merged into the divorce decree. Such manifest intent distinguishes this case, like the East case, from Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App. 1983), upon which the husband relies.
In Oliver, the husband sought to terminate alimony payments under Ala.Code (1975), § 30-2-55, due to the wife's remarriage. As in the present case, the parties' divorce decree incorporated their agreement concerning alimony. The agreement and, hence, the decree provided that, in the event the wife remarried, the award of alimony would be reduced by fifty percent at the time of the remarriage and would terminate one year after the remarriage.
Despite this agreement, this court held that the alimony payments were due to be terminated as required by § 30-2-55. We further held that the parties' agreement concerning alimony had been merged into the divorce decree and was, therefore, subject to the equity power of the court and no longer of a contractual nature.
In Oliver, however, the parties did not specify in the agreement their intent that the agreement or a portion thereof should not be merged into the divorce decree. Thus, we do not find Oliver to be determinative in this case.
It is hard to imagine clearer language than that used by the parties in this case to prevent the merger of paragraph 16-B into the divorce decree. The parties' clear intent *1029 was recognized by the trial judge, and his decision to deny the petition to modify is due to be affirmed.
We note that, since the monthly payments, as seen from the above, are made pursuant to the parties' contract, they, of course, cannot be statutory periodic alimony payments.
In view of the above, the other contentions of the parties with regard to alimony and the husband's contention with regard to the trial court's award of attorney's fees to the wife are pretermitted.
We should not necessarily be understood as concluding that there was a basis for the trial court's action regarding the award of an attorney's feeonly that the parties' contentions are pretermitted in view of what we have stated above.
The wife has requested an attorney's fee for representation on appeal. In view of what we have stated above, i.e., the contractual nature of the monthly payments, this request is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., dissents.
WRIGHT, Presiding Judge, dissenting.
I must respectfully dissent from the decision of the majority.
I call attention first that the majority has decided this case upon the basis that the agreement between the parties, adopted by the court and incorporated in its decree, did not merge therein the provision for continuing payment of periodic alimony after remarriage of the wife. I have studied the briefs of the parties on appeal and do not find argument that the terms of the agreement as to periodic alimony did not merge into the decree of the court. To the contrary, appellee wife insists that the agreement as to continuation of periodic alimony after remarriage did merge into the decree and was not intended to stand outside the decree as an independent contract. In fact, she contends that the parties to the incorporated agreement can, by their contract, give to the court powers it is specifically denied by the statute (§ 30-2-55). By its terms the purpose of § 16-B of the contract is stated to avoid the provisions of the statute.
Though the majority of this court distinguishes this case from our holding in the case of Oliver v. Oliver, the appellee certainly does not so distinguish on the theory of non-merger. She strongly contends merger with the right of the parties to by contract give power of enforcement of that contract to the court in spite of statute or Oliver. The argument is that Oliver is just bad law. Even the trial court bought the wife's argument and in its decree specifically refused to follow Oliver.
The term periodic alimony is used throughout the agreement. The intention of the parties that the court grant periodic alimony is unquestionably evident. It is even provided therein that the husband is to receive tax benefits from the payment, and the wife shall pay tax thereon. It is clear that the provision as to payment of periodic alimony became a part of the decree of the court. There is no contention otherwise by the parties on appeal. The cases are legion that if a decree provides for periodic alimony, such provision is modifiable upon proof of changed circumstances. See, e.g., 7B Ala. Digest, Divorce, Key No. 245. No agreement of the parties may remove such power of modification. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). Block is remarkably similar to this case in that there was an agreement incorporated by reference in the decree. The agreement provided for alimony and child support. It also said that though adopted by the court,
"The agreement shall survive any such decree or judgment but no such judgment or decree so obtained by either party shall in any way affect this agreement or any of its terms, covenants and conditions or its validity, it being intended that this agreement or any of its terms, covenants and conditions shall be absolute, unconditional and irrevocable, *1030 and that both parties shall forever be legally bound."
The court said:
"With this we cannot agree. It is well settled that an agreement of the parties fixing the amount of alimony becomes merged into the decree and thereby loses the contractual nature at least to the extent that the court has the power to modify it when changed conditions so justify [citations omitted]. The equity court which granted the original divorce had the authority to consider a modification of the amount of the alimony irrespective of the terms of the agreement."
In this case, the court not only had the power to modify, it was directed to do so by statute.
It is the law and then the public policy of the state that modification by termination shall be made upon petition and proof that the recipient of periodic alimony has remarried or is living openly or cohabitating with a member of the opposite sex. If an agreement may nullify the direction of the statute in one instance, it may do so in the other.
The contention that enforcement of an agreement to extend payment of child support beyond legal age is comparable to this case is untenable. There is no prohibition by statute against enforcement in that case as exists here.
In conclusion, I repeat that the decision of the majority is founded upon non-merger when both the parties and the trial court found merger and insist upon it. If there were no merger of the provisions requiring payment of periodic alimony, there could be no enforcement of the payment as ordered by the court. The granting of periodic alimony is solely within the province of the discretion of the court. By definition, periodic alimony is a creature of the court, not the agreement of the parties. The parties may agree that it shall not be modified if granted, but the court may not abdicate its authority to modify. Neither may the court refuse to exercise its authority to modify when directed by statute. Block, supra. It is evident that the drafter of the agreement attempted to get the benefits of an order for periodic alimony while taking away the power of the court to exercise its power of modification. It is equally evident that in this case there was purposefully laid the foundation for nullification of § 30-2-55 and its application by Oliver.
It must follow that if there was not power to modify the periodic alimony, there could not be power in the court to grant an attorney fee to the wife. As I perceive the opinion of the majority, if there was no power in the court to affect the award of alimony, there could be no power to grant attorney fees to the wife in the trial court. The stated pretermission of that issue is to allow the award of attorney fees to the wife to stand. If so, such was error.
For the stated reasons I dissent.