STEAGALL, Justice
(dissenting).
I would reverse the judgment of the Court of Civil Appeals in this case. The Court of Civil Appeals affirmed the trial court’s judgment denying the former husband’s petition to modify the divorce judgment, which incorporated an agreement of the parties requiring the husband to make monthly periodic alimony payments to the wife, with a provision that the alimony payments would continue after the remarriage of the wife.
In affirming the trial court’s judgment, the majority of the Court of Civil Appeals distinguished East v. East, 395 So.2d 78 (Ala.Civ.App.1980), cert. denied, 395 So.2d 82 (Ala.1981), from Oliver v. Oliver, 431 So.2d 1271 (Ala.Civ.App.1983). The Court of Civil Appeals found Oliver not to be determinative, because in Oliver “the parties did not specify in the agreement their intent that the agreement or a portion thereof should not be merged into the divorce decree.” Harrison v. Harrison, 514 So.2d 1026 (Ala.Civ.App.1986). Relying on East, the Court of Civil Appeals found that “the parties have manifested their intent that paragraph 16-B, by which the husband agreed to pay the wife $4,000 per month after her remarriage, would remain an independent contractual obligation and not be merged into the divorce decree.” 514 So.2d at 1028.
The Oliver case is relevant, however, for its determination of whether Code 1975, § 30-2-55, /‘applies if the decree awarding periodic alimony incorporates an express agreement of the parties that such payment shall continue after marriage.” 431 So.2d at 1275. The divorce judgment in Oliver had incorporated an agreement of the parties providing alimony for the wife. It also included the agreement of the parties that the award of alimony would be reduced by one-half if the wife remarried and that the alimony payments would terminate one year after the remarriage of the wife. The wife remarried, and the husband sought termination of periodic alimony under § 30-2-55. The Oliver court held that § 30-2-55 required that the periodic alimony payments be terminated upon proof of remarriage of the receiving spouse.
In support of this holding, the Oliver court, speaking through Presiding Judge Wright, stated:
“It has long been held in this state that if the parties to a divorce proceeding have entered into an agreement in anticipation thereof and request that its provisions in full or in part be included in the decree of the court, such agreement, if incorporated, loses its contractual nature insofar as the right to modify it is concerned. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). This court has said that if there is an agreement between the parties and it is not merged or superseded by the decree of the court, it remains a contract between the parties and may be enforced as any other contract. However, any part of the agreement which is merged in the decree is subject to the equity power of the court and is no longer of a contractual nature. East v. East, 395 So.2d 78 (Ala.Civ.App.1980), cert. denied, 395 So.2d 82 (Ala.1981).
“By adoption of amendment 390 to the constitution and enactment of § 30-2-55, it has become the law and thus the public policy of this state that periodic alimony decreed by the court, which always has been modifiable upon a showing of changed circumstances, Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App.1977), is now to be terminated upon remarriage of the spouse receiving it. Such law and public policy is consistent with our jurisprudence. Divorce was not a common law right. It is purely statutory. The power to award alimony is also purely statutory. Ivey v. Ivey, 378 So.2d 1151 (Ala.Civ.App.1979). Alimony is derived only through the authority of statute and the exercise of the discretion of the trial judge. Therefore, what the legislature has granted it may take away. It has chosen to limit the discretion of the court by directing that an *1032 award of alimony in a prior decree be terminated by the court upon proof that the receiving spouse has remarried. It is well within the power of the legislature to do so.”
431 So.2d at 1275-76.
The principles discussed in Oliver, supra, are applicable to this case. The final judgment of divorce incorporated the complete agreement of the husband and wife. This agreement included a provision for the continued payment of periodic alimony, at a reduced monthly sum, should the wife remarry. The agreement further recited in paragraph 16-B:
“The parties agree that this undertaking is contractual in nature and does not lose its identity in that respect by virtue of any judgment of divorce rendered in this cause. A declaration of non-enforceability by virture of the unconstitutionality of periodic alimony shall have no effect on Defendant’s obligation to pay said sums as set out herein and additionally, Defendant is aware of the provisions of Act 596,1978 Regular Session, Alabama Legislature [Code 1975, § 30-2-55], and agrees that the provisions of said Act shall not be applied to this agreement. ...”
Based on the language that the husband would continue to make alimony payments upon the wife’s remarriage notwithstanding the provisions of § 30-2-55, the Court of Civil Appeals determined that the parties intended that the agreement to pay alimony after the wife’s remarriage “would remain an independent contractual obligation and not be merged into the divorce decree.” 514 So.2d at 1028. This determination, however, disregards the divorce judgment, which incorporated by reference the entire agreement between the parties, including the provision that periodic alimony be paid to the wife. By the adoption of the agreement for payment of periodic alimony into the judgment, that provision has been merged into the judgment, and it is subject to the court’s power to modify when justified by changed conditions. Oliver, supra at 1275; Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967).
The decision in Block v. Block, supra, is especially pertinent. In Block, the parties had entered into an agreement that was incorporated by reference into the divorce judgment. The agreement included the following provision:
“ ‘NINTH: In the event that at any time hereafter a judgment or decree of divorce or separation shall be entered in favor of either party in any court of competent jurisdiction, the provisions of this agreement for the support and maintenance of the Wife and for the support and maintenance of the child of said marriage, shall be embodied in any such judgment or decree or may be adopted by reference and shall survive any such decree or judgment but no such judgment or decree, so obtained by either party shall in any way affect this agreement or any of its terms, covenants and conditions, or its validity, it being intended that this agreement or any of its terms, covenants and conditions, shall be absolute, unconditional and irrevocable, and that both parties shall forever be legally bound thereby.’ ”
281 Ala. at 215, 201 So.2d at 52. The Block court held that “[t]he equity court which granted the original divorce had the authority to consider a modification of the amount of alimony irrespective of the terms of the agreement.” 281 Ala. at 215-lb, 201 So.2d at 52-3 (emphasis added).
Based upon the decision in Block, supra, I would find that the trial court has the power to modify the provisions for periodic alimony, and that this power to modify periodic alimony is not diminished by any agreement of the parties to the contrary. Further, I am of the opinion that the legislative intent in enacting § 30-2-55 is consistent with that expressed in Oliver v. Oliver, supra, at 1275-76, and that the trial court is required by § 30-2-55 to'modify its decree providing for payment of periodic alimony by terminating those payments upon petition and proof of remarriage of the receiving spouse.
MADDOX and JONES, JJ., concur.