The legal issue presented in this petition for a writ of certiorari relates to the power of a trial court to modify a divorce judgment that incorporated an agreement relating to the payment of periodic alimony. The trial court entered an order denying a modification of the divorce judgment, stating, "Because the divorce was by agreement, the plain and simple language of that agreement must be upheld as the final judgment of the Court. . . . Regarding alimony payments, the agreement plainly stated that the continuation of periodic . . . alimony payments shall be at the discretion of the [husband]."
The Court of Civil Appeals affirmed the trial court's order.Owens v. Owens, 668 So.2d 543 (Ala.Civ.App. 1994). We reverse and remand, because the law of Alabama provides that "[w]hen an agreement between the parties provides for the payment of periodic alimony, and this agreement is adopted by the court in its decree, the provision for periodic alimony becomes merged into the decree and thereby loses its contractual nature, at least to the extent that the court has the power to modify it when changed circumstances *Page 546 
so justify," and that "[n]o agreement of the parties can remove the court's power to so modify the judgment." Kirkpatrick v.Smith, 500 So.2d 8, 11 (Ala.Civ.App. 1986), citing Block v.Block, 281 Ala. 214, 201 So.2d 51 (1967), and Oliver v. Oliver,431 So.2d 1271 (Ala.Civ.App. 1983).
At the time of their divorce, the petitioner, Bobbie Jean Owens, and the respondent, Donald Wayne Owens, had been married for almost 30 years. They were divorced in 1987. The portion of the Owenses' agreement that was incorporated into the divorce judgment, and which is the subject of this controversy, reads as follows:
 "1. The plaintiff [Donald Wayne Owens] shall pay to the defendant [Bobbie Jean Owens] the sum of $400.00 per week as alimony for a period of sixty (60) months. Said payments shall cease in the event of the defendant's remarriage, or the defendant's death, or the plaintiff's death, or should the defendant [cohabit] with another as husband and wife, whichever event should first occur. At the end of the sixty-month period, if said alimony payments have not ceased for one of the above listed reasons, the financial situation of the parties shall be re-evaluated annually thereafter to determine if alimony payments should be continued for an additional period of time over and above sixty months. Said alimony payments may be continued annually thereafter if the plaintiff should determine that the financial situation of the parties warrants a continuation of alimony payments on an annual basis thereafter."
It is apparent from a reading of the terms of the trial court's order that the trial judge agreed with Mr. Owens that he had the option of deciding whether his ex-wife's financial situation warranted further alimony after the expiration of five years. It is undisputed that Mr. Owens unilaterally ceased paying alimony after the expiration of the five-year period, even though the record indicates that when he discontinued the alimony, Mrs. Owens was earning $13,000 per year and Mr. Owens was earning over $250,000 per year.
Mrs. Owens, contending that the trial court had the power to modify the final judgment of divorce and to continue the alimony payments, petitioned the trial court for that relief. The trial court, after an ore tenus hearing on the petition, entered an order stating, in part:
 "The Final Decree of Divorce dated July 20, 1987, was upon agreement by the parties. Because the divorce was by agreement, the plain and simple language of that agreement must be upheld as the final judgment of the Court. . . . Regarding alimony payments, the agreement plainly stated that the continuation of periodic . . . alimony payments shall be at the discretion of the Plaintiff. . . . At this time, the Court does not find Plaintiff's decision to stop periodic alimony payments to be so unreasonable as to be unconscionable, although there is a great disparity in income between the parties."
A fair reading of this order suggests that the trial judge believed that he was bound by the terms of the agreement relating to the payment of alimony and therefore could not exercise his equity powers to modify the agreement.[1]
The wife contends that, because the agreement relating to the payment of alimony was merged into the judgment of divorce, the trial judge erred in holding that "the plain and simple language of that agreement must be upheld as the final judgment of the Court." In support of her argument, she cites Killen v.Akin, 519 So.2d 926, 930 (Ala. 1988), wherein this Court stated:
 "[A]ny part of [an] agreement that is merged into the judgment is subject to the equity power of the court and is no longer of a contractual nature. Oliver v. Oliver, 431 So.2d 1271, 1275
(Ala.Civ.App. 1983); East v. East, [395 So.2d 78
(Ala.Civ.App. 1980), cert. denied, 395 So.2d 82 (Ala. 1981)]." *Page 547 
We agree with the wife that the trial court abused its discretion when it determined that "the plain and simple language of that agreement must be upheld as the final judgment of the Court."
The power of a court to modify a divorce judgment that incorporates an agreement between the parties has been addressed in several cases, including Kirkpatrick v. Smith,500 So.2d 8 (Ala.Civ.App. 1986), wherein the Court of Civil Appeals stated:
 "When an agreement between the parties provides for the payment of periodic alimony, and this agreement is adopted by the court in its decree, the provision for periodic alimony becomes merged into the decree and thereby loses its contractual nature, at least to the extent that the court has the power to modify it when changed circumstances so justify. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967). See Oliver v. Oliver, 431 So.2d 1271
(Ala.Civ.App. 1983). No agreement of the parties can remove the court's power to so modify the judgment. Block, supra."
500 So.2d at 11. In Block v. Block, 281 Ala. 214, 215-16,201 So.2d 51 (1967), this Court considered the effect of an agreement that provided that the husband's alimony payments to his ex-wife should not be reduced below $35.00 per week as long as the husband was earning in excess of $500.00 per week; the agreement further provided that the weekly payment for alimony should be reduced in the same ratio or proportion as that by which the annual gross income of the husband was reduced below that of his gross income in 1960.
In Block, this Court said:
 "[The husband] lays much stress on the following provision in the agreement:
 " 'NINTH: In the event that at any time hereafter a judgment or decree of divorce or separation shall be entered in favor of either party in any court of competent jurisdiction, the provisions of this agreement for the support and maintenance of the Wife and for the support and maintenance of the child of said marriage, shall be embodied in any such judgment or decree or may be adopted by reference and shall survive any such decree or judgment but no such judgment or decree so obtained by either party shall in any way affect this agreement or any of its terms, covenants and conditions, or its validity, it being intended that this agreement or any of its terms, covenants and conditions, shall be absolute, unconditional and irrevocable, and that both parties shall forever be legally bound thereby.'
 "With this we cannot agree. It is well settled that an agreement of the parties fixing the amount of alimony becomes merged into the decree, and thereby loses the contractual nature at least to the extent that the court has the power to modify the decree when changed conditions so justify. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Adams v. Adams, 229 Ala. 588, 159 So. 80. The equity court which granted the original divorce had the authority to consider a modification of the amount of alimony irrespective of the terms of the agreement.
 "It is equally well settled that where a decree for permanent alimony is not for a lump sum, nor otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be from the future earnings of the husband, the court has the power to modify the same because of changed conditions of the parties, whether such power be expressly reserved or not in the decree. Garlington v. Garlington, supra; Epps v. Epps, 218 Ala. 667, 120 So. 150."
281 Ala. at 215-16, 201 So.2d at 52-53. Although we realize that the facts of this case are not exactly the same as those in Block, we believe that the principle of law stated in Block
concerning the trial court's authority to modify the terms of the divorce judgment must be applied here.
Based on the foregoing, we hold, as this Court did inBlock, that the trial court abused its discretion, and we conclude that the Court of Civil Appeals erred in affirming the trial court's order, which stated that it lacked the authority to modify the judgment. *Page 548 
The judgment of the Court of Civil Appeals is reversed, and the case is remanded for further consideration in light of this opinion.
REVERSED AND REMANDED.
SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.
KENNEDY, J., dissents.
[1] We recognize, of course, that the trial court did find that the "[husband's] decision to stop periodic alimony payments [was not] so unreasonable as to be unconscionable," and we also recognize that the trial court was aware that "there [was] a great disparity in income between the parties."