CRAWLEY, Judge,
dissenting.
I respectfully dissent from the majority’s no-opinion affirmance of the trial court’s judgment. I do not think that the caselaw cited by the majority concerning the merger or rejection of portions of a separation agreement in a final judgment of divorce made between divorcing parties in anticipation of divorce is applicable. The agreement between the parties in this case entitled “Agreement to Modification of Alimony in the Event of Remarriage” was clearly made after the trial court had entered its judgment of divorce. The agreement provided, in pertinent part, that “[ejither party will have the option to petition [the trial court] for modification of the agreement of the parties, upon, and in the event of the marriage of Mary J. Murphy, with a motion that the same be incorporated into the Final Judgment of Divorce as though fully set out herein.”
Although the parties provided for a means by which the trial court could consider their agreement, the trial court could not accept the agreement because it is in violation of § 30-2-55, Ala.Code 1975, which provides:
*89 “Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabitating with a member of the opposite sex....”
(Emphasis added.)
In Harrison v. Harrison, 514 So.2d 1026 (Ala.Civ.App.1986), this court held that an alimony provision, in which the husband had agreed to continue alimony payments to the wife after her remarriage, contained in a separation agreement was an independent contractual obligation because it contained specific language stating that “ ‘[t]he parties agree that this undertaking is contractual in nature and does not lose its identity in that respect by virtue of any judgment of divorce rendered.... ’ ” 514 So.2d at 1028. The husband also acknowledged his awareness of § 30-2-55 in the same paragraph. This court further noted that “since the monthly payments ... are made pursuant to the parties’ contract, they, of course, cannot be statutory periodic alimony payments.” Id. at 1029.
Presiding Judge Wright filed a dissent in Harrison, stating, in pertinent part:
“The cases are legion that if a decree provides for periodic alimony, such provision is modifiable upon proof of changed circumstances.... No agreement of the parties may remove such power of modification. Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967)....
[[Image here]]
“In this case, the court not only had the power to modify, it was directed to do so by statute [§ 30-2-55, Ala.Code 1975].
“It is the law and then the public policy of this state that modification by termination shall be made upon petition and proof that the recipient of periodic alimony has remarried or is living openly or cohabitating with a member of the opposite sex. If an agreement may nullify the direction of the statute in one instance, it may do so in the other.
[[Image here]]
“... By definition, periodic alimony is a creature of the court, not the agreement of the parties. The parties may agree that it shall not be modified if granted, but the court may not abdicate its authority to modify. Neither may the court refuse to exercise its authority to modify when directed by statute. Block, supra.”
Id. at 1029-30 (Wright, P.J., dissenting). See also Ex parte Harrison, 514 So.2d 1030, 1031 (Ala.1987)(Steagall, J., dissenting from decision to quash writ of certiora-ri as improvidently granted).
I find Presiding Judge Wright’s dissenting opinion in Harrison to be persuasive; furthermore, I believe that this case is distinguishable from Harrison because, as it was acknowledged by the majority in Harrison, that case did not involve statutory periodic alimony payments. See also Oliver v. Oliver, 431 So.2d 1271, 1276 (Ala. Civ.App.1983)(“[The legislature in enacting § 30-2-55] has chosen to limit the discretion of the court by directing that an award of alimony in a prior decree be terminated by the court upon proof that the receiving spouse has remarried. It is well within the power of the legislature to do so.”).
I also would not take issue with the fact that the husband has failed to challenge the agreement’s validity. When this court chooses to affirm the trial court’s judgment on a ground other than the one on which it relied, I do not believe that a party should be required to make alternative arguments in anticipation of that event.
*90 Accordingly, I would reverse the trial court’s judgment.